**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| JUAN FRANCISCO AGUILAR, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 09-4021-CV-NKL-P |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

**ORDER**

Before the Court is Plaintiff Juan Francisco Aguilar's ("Aguilar") Motion to Vacate, Set Aside, or Correct Sentence [Doc. # 1]. Aguilar alleges seven claims of ineffective assistance of counsel and six claims of district court error.[1] All but one of Aguilar's claims fail because they are either barred by his waiver of appeal, not cognizable under § 2255, or do not on their merits entitle him to relief. However, because the Court finds that Aguilar is entitled to an evidentiary hearing, with appointed counsel, to determine whether Aguilar requested that his counsel file a notice of appeal, the Court GRANTS the motion as to that limited issue.

## I.        Factual Background

---

[1]Because Aguilar's petition is filed *pro se*, it should be interpreted liberally. *Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir. 1994).

On January 11, 2006, the District Court for the Western District of Missouri returned an indictment charging Aguilar: under Count One with conspiracy to distribute and possession with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; under Counts Five, Eight, Twelve and Fourteen with the use of a communications facility (telephone) to facilitate the drug conspiracy alleged in Count One, in violation of 21 U.S.C. § 843(b); and under Count Fifteen with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). Further indictments resulted in no additional charges against Aguilar. Throughout the underlying criminal case, Aguilar was represented by William Michael Sharma-Crawford.

On August 10, 2007, Aguilar appeared before the Honorable Nanette K. Laughrey, and entered a plea of guilty to Count One of the fourth superseding indictment, pursuant to a written plea agreement.

On March 8, 2008, Aguilar appeared for sentencing. Through his attorney, Aguilar objected to the Pre-Sentence Investigation Report's ("PSR") recommendation that he receive an additional criminal history point – pursuant to § 4A1.1(e) – for committing the offense less than two years after his release from custody. The Court stated that it would not take that factor into account in sentencing Aguilar, but noted that excluding the one additional point did not affect Aguilar's criminal history category.

The Court found Aguilar's total offense level to be 33. With a criminal history category of IV, his Guidelines range was 188 to 235 months. The Government recommended a sentence at the low end of the Guidelines range, and the Court imposed a sentence of 188

2

months' imprisonment. At the Government's request, the Court dismissed the remaining counts and earlier indictments against Aguilar.

## II.    Discussion

### A.    Waiver of Appeal

In support of his § 2255 motion, Aguilar alleges thirteen claims – seven claims of ineffective assistance of counsel and six claims of district court error. However, Aguilar pleaded guilty pursuant to a plea agreement containing the following provision:

> The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

(Doc. # 7, at 3). A waiver of appeal and post conviction relief is enforceable unless the sentence is illegal, would constitute a miscarriage of justice, or the waiver resulted from ineffective assistance of counsel. *See DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000).

Aguilar does not dispute the contents or formation of the waiver in his plea agreement. When pleading guilty, Aguilar indicated in a dialogue with the Court that he had read and understood the plea agreement, that its contents were true, and that he signed it voluntarily. Aguilar's only claim bearing on the formation of the plea agreement – that counsel misinformed Aguilar concerning his potential penalty – could not have prejudiced Aguilar, as will be discussed below. Aguilar has not shown that his sentence is illegal, that the terms of his plea agreement resulted in an injustice, or that his plea agreement resulted from

3

ineffective assistance of counsel. Therefore, the Court holds that the waiver in Aguilar's plea agreement is valid and bars any claims that fall within its scope. In determining the scope of Aguilar's waiver, ambiguities are to be construed against the government. *Margalli-Olvera v. INS*, 43 F.3d 345, 353 (8th Cir. 1995).

### B. Ineffective Assistance of Counsel Claims

Aguilar argues seven instances of ineffective assistance of counsel. However, the exceptions listed in the waiver in Aguilar's plea agreement clearly do not include claims for ineffective assistance of counsel. Therefore, the waiver bars these claims – subject to one exception. Aguilar's claim that his counsel failed to file a requested appeal, although within the scope of the waiver, is not barred for reasons discussed below.

Furthermore, each of Aguilar's claims for ineffective assistance of counsel fails on its merits. In order to succeed on a claim of ineffective assistance of counsel, the Supreme Court has held that a petitioner must demonstrate (1) that his counsel's performance was constitutionally deficient, and (2) that the deficiency prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Under the performance prong, the petitioner must show that "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995) (citation omitted). The petitioner must also show that counsel's performance could not have been within the range of sound defense strategy. *Strickland*, 466 U.S. at 689.

4

Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This showing must include an analysis of the probability that the Court would have granted relief. *See DeRoo*, 223 F.3d at 925 ("[I]f there is no reasonable probability that the motion would have been successful, movant cannot prove prejudice."). The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir.1995) (citing *Strickland*, 466 U.S. at 697).

Aguilar first seeks relief by claiming his counsel failed to object to the Court's drug quantity calculation. Aguilar argues that his counsel should have objected to the Court's application of the Sentencing Guidelines because the Court's quantity calculation was higher than the evidence could support and also unreasonably higher than that of co-conspirator Rodney Keith Rodebaugh ("Rodebaugh"). Aguilar further argues that his counsel should have insisted on a ruling on counsel's objection to a one point enhancement to Aguilar's offense level.

Aguilar has not satisfied the standard for ineffective assistance of counsel with any of these arguments. Aguilar's counsel brought all of these grievances to the attention of the Court. The Court relied upon substantial evidence in calculating Aguilar's drug quantity, including the testimony of four witnesses. Furthermore, the Court articulated its reasons for imposing a sentence of 188 months, including an explanation of the discrepancy between the

5

sentences of Aguilar and Rodebaugh. Because the Court was aware of and considered these grievances, Aguilar has not shown prejudice on this claim.

Aguilar also seeks relief by claiming his counsel failed to ensure: that the Court consider a downward departure from the Guidelines range, that the Court consider § 3553(a) sentencing factors, and that the Court was aware it had authority to grant a downward departure. The record indicates that Aguilar's counsel at various points brought § 3553(a) sentencing factors to the attention of the Court and reminded the Court of its authority to make downward departures. However, Aguilar's plea agreement precluded his counsel from actually seeking a downward departure. This suggests that Aguilar's counsel acted strategically with the purpose of upholding Aguilar's plea agreement and that his performance was not deficient. Also, Aguilar does not point to a provision in the guidelines suggesting that a downward departure was appropriate, so he has not shown prejudice on this claim.

Aguilar further seeks relief for his counsel's failure to file a motion to suppress evidence. However, Aguilar does not identify the evidence that should have been suppressed or what effect a successful motion would have had on his sentencing. Further briefing suggests that Aguilar refers to his co-defendants' attempt to suppress evidence gathered from wire-taps. (Doc. # 9, at 6). However, Aguilar provides no reason why such a motion would have been successful, and the United States points out that the same motion, filed by co-defendants, was denied. Aguilar has failed to demonstrate why his counsel's failure to file this motion amounted to deficient performance or prejudice to Aguilar.

6

Aguilar next seeks relief by claiming that his counsel failed to conduct an adequate investigation before Aguilar's guilty plea. Similarly, Aguilar claims that his counsel did not file any pretrial motions in his case. However, Aguilar does not discuss any potentially neglected evidence or motions that could have influenced the outcome of his case. Aguilar thus failed to show any deficient performance or prejudice on these claims.

Aguilar's final claim for relief contends that Aguilar's counsel misinformed him as to the penalty Aguilar was facing. Aguilar claims that had he not been so misinformed he would not have pleaded guilty. However, Aguilar does not specify any statements or actions by his counsel that amounted to such misinformation. Furthermore, the record indicates that the Court informed Aguilar of his penalty range – and the possibility that Aguilar's sentence may be above that included in the plea agreement – before Aguilar entered his guilty plea. Therefore, Aguilar could not have been prejudiced by any information from his counsel regarding Aguilar's potential penalty.

## C.    Claims of District Court Error

Aguilar alleges six claims of error in sentencing by the district court. "[O]rdinary questions of guideline interpretation not raised on direct appeal do not present cognizable § 2255 claims." *United States v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000). Such questions may only be raised in the following context: (1) as part of an ineffective assistance of counsel claim; (2) if petitioner's sentence exceeds the maximum authorized by the statute; or (3) if the sentence amounts to a miscarriage of justice. *Id.* This Court has already rejected all but one of Aguilar's ineffective assistance of counsel claims elsewhere in this Order. Aguilar

7

does not argue that his sentence exceeds a statutory maximum, nor does he assert that his sentence amounted to a gross miscarriage of justice. Rather, Aguilar attempts to argue errors of guideline interpretation.

Also not cognizable under § 2255 are Aguilar's claims of error invoking the Constitution. Aguilar's Sixth Amendment argument – that the court violated the Constitution by allowing the judge to find facts in the absence of an understanding that the Guidelines are advisory – turns on a question of guideline interpretation. And Aguilar's Fourth Amendment claim is not a claim of sentencing error but rather an untimely evidentiary objection. Therefore, none of Aguilar's claims of error by the district court are cognizable under § 2255. Further, the Court is and was aware at the time of sentencing that the guidelines are now advisory.

Furthermore, these claims are barred by the waiver in Aguilar's plea agreement, which only allows appeal for sentencing errors "more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or an unreasonable sentence." Even when construing ambiguities against the government, Aguilar's claims of error do not reach this standard and are therefore barred by his valid waiver of appeal.

Finally, each of Aguilar's claims of district court error are without merit. On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir.1996). A claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id*. Moreover, the Court need not hold an evidentiary hearing on a motion to vacate when the

Case 2:09-cv-04021-NKL   Document 10   Filed 07/13/09   Page 8 of 14

files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704, 708 (8th Cir.1998).

Aguilar first claims that the Court erred in failing to address Aguilar's objection to paragraph 125 of the PSR. However, the record reflects that the Court directly addressed the objection by stating that Aguilar's criminal history category would not change with removal of the paragraph. Aguilar does not argue that the Court's assessment was incorrect. Aguilar's argument does not demonstrate prejudice and does not, on its face, entitle him to relief on this claim.

Aguilar further claims that the Court erred in treating the Guidelines as mandatory. In support, Aguilar suggests that the Court never expressly recognized the advisory nature of the Guidelines and "expressed constraint" at the sentencing hearing. However, the record reflects that Aguilar's attorney reminded the Court of three Supreme Court cases providing considerable latitude in sentencing. And as the United States points out, at the time of Aguilar's sentencing the Court had years of experience in applying the latitude in sentencing provided by *United States v. Booker*, 543 U.S. 220 (2005). In light of these facts, the United States' explanation for the constraint expressed by the Court at Aguilar's sentencing (that the Court expressed constraint by the concept of fairness) follows more logically from the record than Aguilar's explanation (that the Court mistakenly expressed absolute constraint by the law). The record thus conclusively shows that Aguilar is not entitled to relief.

Aguilar next claims that the Court violated his Sixth Amendment right to a jury trial by considering judge-found facts. Aguilar provides no authority to support this legal

9

contention. However, this Court does not reach the legal basis for Aguilar's argument because his argument does not, on its face, entitle him to relief. Aguilar states in his motion that "[j]udicial fact-finding is permitted provided that it is done with the understanding that the Guidelines are to be applied in an advisory fashion." (Doc. # 1). Aguilar argues that the Court's failure to expressly recognize the advisory nature of the Guidelines at sentencing demonstrates the Court's ignorance thereof. Aguilar's legal inference is not strong enough to call into doubt the sentencing Court's understanding of guidelines it has applied time and time again. The record indicates – and Aguilar has offered no convincing evidence to the contrary – that the Court was aware of the advisory nature of the Guidelines and acted under that knowledge. Consequently, under Aguilar's own reasoning the Court was allowed to consider judge-found facts and Aguilar is not entitled to relief on this claim.

Aguilar claims that the Court was unaware of its discretion in sentencing and failed to adequately explain the reasons for the sentence it imposed. In explaining its reasoning, a court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The Court's explanation for its decision, included in the record, meets this standard.

Aguilar next claims that the Court erred in calculating the drug quantity attributable to Aguilar. Aguilar argues that the drug quantity attributed to him should not exceed that attributed to co-conspirator Rodebaugh. Aguilar also argues that the Court failed to consider the two years that Rodebaugh was incarcerated in calculating the drug quantity involved in

10

the drug conspiracy. Aguilar does not indicate any provision of the Guidelines suggesting that the actions of the Court as alleged amount to legal error. Furthermore, the PSR details how the testimony of four witnesses at Rodebaugh's trial demonstrates that Aguilar supplied drugs to other co-conspirators in addition to Rodebaugh, and that the drug quantity attributed to Aguilar was conservative in light of this testimony. This testimony also reflects that Rodebaugh did not sell drugs during the period in which he was incarcerated and that this factored into the calculation of drug quantity. The record conclusively disposes of Aguilar's arguments on this claim.

Finally, Aguilar claims that the Court should have suppressed – as a violation of the Fourth Amendment – evidence obtained through wiretaps. Because Aguilar never filed a motion to suppress this evidence, his allegations do not amount to legal error by the Court. Aguilar never articulates any explanation as to why these wiretaps – which the United States asserts were Court-authorized – were illegal. Furthermore, Aguilar cannot show prejudice on this claim because the Court considered and rejected similar arguments by Aguilar's co-defendants.

### D.      Counsel's Failure to File a Requested Appeal

Aguilar's claim that his counsel failed to act on Aguilar's request for an appeal is a special circumstance that warrants individual attention. In *Watson,* the Eighth Circuit adopted the rule that the failure of an attorney to file an appeal after being requested to do so amounts to ineffective assistance of counsel, even if the appeal was barred by a waiver in a plea agreement. *See Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007). "This

view is most consistent with the Supreme Court's holding in *Flores-Ortega* that a defendant is prejudiced by the forfeiture of an appeal regardless of its apparent merit." *Id.* (referencing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)).

If the record does not affirmatively refute the claim that he or she requested that their counsel appeal, the petitioner is entitled to an evidentiary hearing to determine whether such a request took place. *See id.* If the district court determines that the petitioner requested an appeal and that their counsel failed to file one, then the petitioner "is entitled to resentencing so that he can file a timely appeal." *Id.*

The rule expressed in *Watson* applies to Aguilar's claim, despite a noteworthy factual difference. Unlike Aguilar's plea agreement, the waiver in the plea agreement signed by the petitioner in *Watson* contained a provision specifically preserving claims for ineffective assistance of counsel. *Id.* at 962. However, the plea agreements of the petitioners in all five cases from other circuits – referenced by the Eighth Circuit for the rule in *Watson* – contained no such provision.[2] Treating the rule in *Watson* as contingent on a provision preserving claims for ineffective assistance of counsel would create a circuit split where none previously existed. Accordingly, this Court does not infer the requirement of such a provision.

---

[2] *See Campusano v. United State*s, 442 F.3d 770, 772 n.1 (2d Cir. 2006); *United States v. Garrett*, 402 F.3d 1262, 1264 n.2 (10th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005); *United States v. Poindexter*, 492 F.3d 263, 266 n.2 (4th Cir. 2007); *United States v. Tapp*, 491 F.3d 263, 264 (5th Cir. 2007).

Case 2:09-cv-04021-NKL   Document 10   Filed 07/13/09   Page 12 of 14

Aguilar is entitled to an evidentiary hearing on his ineffective assistance of counsel argument claiming that Aguilar's counsel failed to file Aguilar's requested appeal. Aguilar has alleged that he instructed his counsel to appeal, and the United States has not pointed to any evidence in the record contradicting Aguilar's claim. Aguilar is therefore entitled to an evidentiary hearing to determine whether he instructed his counsel to file a notice of appeal. If the Court determines that Aguilar so instructed his counsel, Aguilar will be allowed to file a direct appeal.

As further relief, Aguilar requests that the Court appoint counsel, which this Court grants. Rule 8(c) of the Rules Governing Section 2255 proceedings requires district courts to appoint counsel at § 2255 evidentiary hearings for financially qualified prisoners. *See Green v. United States*, 262 F.3d 715, 718 (8th Cir. 2001); *Roney v. United States*, 205 F.3d 1061, 1062-63 (8th Cir. 2000). Aguilar is thus entitled to appointed counsel at his evidentiary hearing.

Even though the practicalities of the situation might suggest a different approach, the Court is bound by Eighth Circuit precedent in this matter.

### III. Conclusion

Accordingly, it is hereby ORDERED that Aguilar's 2255 Motion [Doc. # 1] is GRANTED in part. Aguilar is granted an evidentiary hearing, with appointed counsel, to determine whether Aguilar instructed his counsel to file a notice of appeal. In all other respects the Motion is DENIED.

13

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  July 13, 2009
Jefferson City, Missouri

14